### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

**Valerie Jameson,**

        **Plaintiff,**

**v.**                                                           **Case No. 13-1229-JWL**

**Carolyn W. Colvin,**
**Acting Commissioner of Social Security,**

        **Defendant.**

### MEMORANDUM & ORDER

Plaintiff Valerie Jameson brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny her application for social security disability insurance benefits under Title II of the Social Security Act. According to plaintiff, the ALJ erroneously evaluated two medical opinions—giving too much weight to the opinion of state agency psychologists and too little weight to the opinion of an examining psychologist—and, as a result, the ALJ's residual functional capacity assessment is not supported by substantial evidence. As explained in more detail below, the court rejects plaintiff's argument and affirms defendant's decision.

### I.      Procedural Background

On December 6, 2010, plaintiff filed an application for disability insurance benefits alleging disability beginning on October 1, 1997 based on depression, bipolar disorder and concentration and memory problems. The application was denied both initially and upon

reconsideration.  At plaintiff's request, an administrative law judge ("ALJ") held a hearing on November 8, 2011, at which both plaintiff and her counsel were present via video.[1]   On November 29, 2011, the ALJ rendered a decision in which he determined that plaintiff was not under a "disability" as defined by the Social Security Act from October 1, 1997 through the date of the decision.[2]   Consequently, the ALJ denied all benefits to plaintiff.  After the ALJ's unfavorable decision, plaintiff requested review by the Appeals Council.  The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of defendant.

## II.     Standard of Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards.  *See Wells v. Colvin*, 727 F.3d 1061, 1067 (10th Cir. 2013) (citing *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)).  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (quoting *Wilson*, 602 F.3d at 1140).  In the course of its review, the court may not reweigh the evidence or substitute its judgment for that of defendant.  *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008).

---

[1] Plaintiff and her counsel appeared at the hearing in Wichita, Kansas and the ALJ presided over the hearing from St. Louis, Missouri.  A vocational expert testified by telephone at the hearing.

[2] The ALJ determined that plaintiff met the insured status requirements of the Social Security Act through June 30, 2015.

### III.  Relevant Framework for Analyzing Claim of Disability and the ALJ's Findings

A "disability" for purposes of the Social Security Act requires both the "inability to engage in any substantial gainful activity" and "a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Bussell v. Astrue*, 463 Fed. Appx. 779, 781 (10th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)).  The Social Security Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Wilson*, 602 F.3d at 1140 (quoting *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B))).

The Social Security Administration has established a five-step sequential evaluation process for determining whether a claimant is disabled, *see id*. at 1139, and the ALJ in this case followed the five-step process.  If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary.  *Id.*  Step one requires the claimant to show that he or she is not presently engaged in substantial gainful activity.  *Id.*  Here, the ALJ determined that plaintiff was not engaged in substantial gainful activity and, thus, properly proceeded to the second step.  The second step of the evaluation process involves a determination of whether "the claimant has a medically severe impairment or combination of impairments" that significantly limits his or her ability to perform basic work activities.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citing 20 C.F.R. § 404.1521).

The ALJ in this case concluded that plaintiff's bipolar disorder constituted a severe impairment for purposes of the regulations but determined at step three that plaintiff's impairment was not listed or medically "equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity." *Best-Willie v. Colvin*, 514 Fed. Appx. 728, 733 (10th Cir. 2013). Thus, the evaluation proceeded to the fourth step, where the claimant must show that the impairment prevents her from performing past work. *Wilson*, 602 F.3d at 1139 (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)).

At the fourth step, the ALJ determined that plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels with certain nonexertional limitations to simple routine tasks; only superficial contact with others; and only occasional changes in the work place setting. Based on evidence adduced at the hearing from a vocational expert (VE), the ALJ concluded that plaintiff, with those limitations, could perform her past relevant work as a housekeeper and fast food worker such that she was not disabled. Continuing to step five, the ALJ concluded in the alternative that even if plaintiff could not perform her past relevant work, she was not disabled because she possessed the RFC to perform other work that exists in the regional and national economy, s*ee id.* (quoting *Lax*, 489 F.3d at 1084), including work as a dishwasher, cafeteria attendant and semi-conductor assembler.

## IV.   Analysis of Plaintiff's Specific Argument

In her motion, plaintiff contends that the ALJ erred when he concluded that she was capable of performing work. According to plaintiff, the ALJ did not give enough weight to an examining psychologist's opinion that plaintiff cannot sustain full-time employment at any

4

functional level in light of her depression and bipolar disorder.  Plaintiff further asserts that the ALJ afforded too much weight to the opinion of state agency psychologists who opined that plaintiff was capable of performing work in a competitive setting.  As will be explained, the court rejects both arguments.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [the claimant's] symptoms, diagnosis and prognosis."  20 C.F.R. § 404.1527(a)(2).  Such opinions may not be ignored and, unless a treating source opinion is given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations.  *Id*. § 404.1527(d); SSR 96–5p, West's Soc. Sec. Reporting Serv., Rulings 123–24 (Supp. 2012).  A physician who has treated a patient frequently over an extended period of time (a treating source)[3] is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight."  *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). "[T]he opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion."  *Id.* at 763 (citing

---

[3] The regulations define three types of "acceptable medical sources:"

"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. §§ 404.1502, 416.902.

"Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship.  *Id.*

"Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion.  *Id.*

*Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995)).  However, opinions of examining sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). Plaintiff contends that the ALJ in this case erred by rejecting the opinion of an examining psychologist in favor of the opinion of non-examining, consultant psychologists.

An examining psychologist examined plaintiff on one occasion in September 2011.  He opined that plaintiff was not capable of sustaining full-time employment.  The ALJ expressly provided "limited weight" to this opinion and he did so for several reasons.  First, the ALJ observed that substantial evidence in the record supported the conclusion that plaintiff's depression and bipolar disorder were not as limiting as opined by the examining psychologist or as alleged by plaintiff.  The ALJ observed that plaintiff received inpatient treatment for her mental health in 1998 but then did not seek treatment again until November 2010—and only then at the suggestion of a law firm in connection with her desire to apply for disability benefits. The ALJ further noted that plaintiffs mental health had improved with treatment in that she was taking medication, was experiencing "bad days" less frequently, was goal-directed and that her judgment and insight were intact.  As the ALJ stated in his written decision, nothing in plaintiff's treatment notes indicated that plaintiff's mental health precluded her ability to work within the RFC identified by the ALJ.   Finally, the ALJ emphasized that plaintiff herself reported going to church, attending social events, working part-time, raising her child and maintaining relationships with her family and her boyfriend.

The ALJ also discounted the examining psychologist's opinion on the grounds that it was internally inconsistent—at times noting that plaintiff's concentration was "reasonable" with

"minimal distractibility, anxiety, or frustration" and at other times noting serious difficulties with concentration, persistence and pace. Moreover, despite the psychologist's opinion that plaintiff was not capable of full-time employment, he indicated that, during the examination, plaintiff was "oriented to person, place, date, and to the situation;" that plaintiff's "immediate recall, recent memory, and her remote memory were . . . grossly intact;" that she "exhibited some insight, and her judgment appeared to be fair;" that plaintiff was attentive and cooperative; and that "rapport was easily established." Finally, while the psychologist concluded that plaintiff "cannot maintain gainful employment for any extended time period," he also suggested in the summary of his report that plaintiff could perform work so long as she was not required to interact with others and so long as she was not required to work in an "active, demanding, or competitive work setting." These limitations are consistent with the RFC established by the ALJ.

Plaintiff also contends that the ALJ improperly rejected the examining opinion in favor of a consulting opinion in violation of the general rule that the opinions of examining sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the medical record. Having already concluded that the ALJ properly discounted the opinion of the examining psychologist, the court turns to whether the ALJ properly credited the opinion of the consulting psychologists. By way of background, Dr. Blum, a state agency consulting psychologist, reviewed the record in February 2011 and opined that plaintiff would be capable of performing simple to intermediate work in a competitive setting. In May 2011, this opinion was confirmed by Dr. Adams, another state agency consulting psychologist. The

ALJ noted that the RFC identified in his decision is "consistent with these limitations" but that "more significant limitations are identified" in the RFC.

   As an initial matter, plaintiff contends that the ALJ erred by not expressly stating what weight he afforded the opinion of Dr. Blum as confirmed by Dr. Adams and failing to explain why a particular weight was given to that opinion.  Any failure by the ALJ in this respect is harmless because the ALJ ultimately assigned to plaintiff more significant limitations in terms of her RFC than the limitations identified by the consulting psychologists.  In other words, plaintiff is not prejudiced in any respect because giving greater weight to the opinion of the consulting psychologists would not have helped her.  *See Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014) (agency consultants' opinions proved inconsequential when the ALJ assigned more significant limitations to plaintiff; any failure to discuss the weight he assigned to those opinions was thus harmless).

   Plaintiff also argues that the ALJ cannot assign greater weight to a consulting source opinion over an examining source opinion unless the consulting source opinion is based on a review of the "complete case record."  According to plaintiff, the state agency psychologists relied on an incomplete case record in rendering the opinion that plaintiff was capable of work because a number of medical records (including the report of the examining psychologist) were submitted after the agency's last review in May 2011.  In support of her argument, plaintiff relies on SSR 96-6p which, according to plaintiff, provides that "the opinion of a state agency psychologist may be entitled to greater weight than a treating source's opinion if the state agency psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which

8

provides more detailed and comprehensive information than what was available to the individual's treating source."  When this particular provision of SSR 96-6p is read in the context of the full ruling, however, it is clear that the isolated provision relied upon by plaintiff simply provides one example of an appropriate circumstance in which a consultant's opinion may be entitled to greater weight than a treating source's opinion.  Indeed, the sentence prior to the sentence highlighted by plaintiff reads as follows:  "In appropriate circumstances, opinions from State agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or examining sources."   Here, the ALJ properly assigned more weight to the opinion of Drs. Blum and Adams than to the opinion of the examining psychologist because the consulting opinion was largely consistent with other evidence in the record in terms of plaintiff's positive response to treatment and medication, her relatively normal daily living activities and her continued part-time employment.

In sum, having carefully reviewed the record in this case and having considered plaintiff's arguments in light of the record, the court concludes that substantial evidence supports defendant's decision to deny Ms. Jameson's application for disability benefits and that no deviation from established legal standards occurred.

**IT IS THEREFORE ORDERED BY THE COURT THAT** judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's final decision.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge